IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NEBUZARADA NISSEAU-BEY,
   *Petitioner*,

v.

UNITED STATES OF AMERICA,
   *Respondent*.

Criminal Action No. ELH-10-552
Related Civil Action No. ELH-17-3109

**MEMORANDUM**

This Memorandum addresses the Motion to Vacate, Set Aside, or Correct Sentence filed by Nebuzarada Nisseau-Bey, the self-represented Petitioner, under 28 U.S.C. § 2255. ECF 190 (the "Petition"). The Petition is supported by a memorandum of law. ECF 190-1 (collectively, with ECF 190, the "Petition"). In particular, Petitioner seeks a resentencing based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2251 (2015).

The government has filed an opposition to the Petition. *See* ECF 196. Petitioner has not filed a reply.

Under 28 U.S.C. § 2255(b), a hearing is required "[u]nless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief . . . ." This is such a case. No hearing is necessary. For the reasons that follow, I shall deny the Petition.

**I. Procedural Background**

On April 14, 2003, in criminal case AMD-02-497, Petitioner entered a plea of guilty to Count One of an Indictment charging possession of a firearm by a convicted felon. *See* Docket. Judge Andre Davis, to whom the case was then assigned, sentenced Nisseau-Bey on July 7,

2003, to a period of incarceration of 70 months, to be followed by a term of supervised release of three years. ECF 15 (Amended Judgment).[1]

Years later, on September 22, 2010, Petitioner was charged with armed bank robbery and other offenses, in case BEL-10-522. *See* ECF 6 (Superseding Indictment). The case was reassigned to me on October 24, 2017, because of the retirement of Judge Benson E. Legg, to whom it was initially assigned. *See* Docket. It is now case ELH-10-552.

Petitioner entered a plea of guilty on February 25, 2011, to counts Two and Three of the Superseding Indictment in case 10-552. *See* ECF 41. Count Two charged armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), (d), (f) & 2. Count Three charged possession of a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) & 2.[2]

Sentencing was held on June 10, 2011. ECF 103. The Presentence Report ("PSR") reflected that Petitioner had 14 criminal history points, which established a criminal history category of VI. *See* ¶¶ 40-42.[3] Moreover, because Petitioner had two prior felony drug convictions (PSR, ¶¶ 30-31, 36-37), the PSR indicated that Petitioner qualified as a career offender. PSR, ¶ 43. His criminal history category remained a VI. *Id.*

---

[1] This case was subsequently assigned to Judge J. Frederick Motz, Judge Benson Legg, and later to me, on June 24, 2016. *See* Docket. It is now case ELH-02-497.

[2] Petitioner's codefendant, Jenerette Charles Dixon, went to trial and was found guilty by a jury. *See* ECF 81 (Jury Verdict). He was sentenced by Judge Legg to a total term of 240 months' imprisonment. *See* ECF 135. On appeal, the Fourth Circuit affirmed. *See* ECF 157 (Judgment); ECF 160 (Mandate). Thereafter, Judge J. Frederick Motz considered Dixon's post conviction petition and denied it. *See* ECF 178 (Memorandum); ECF 179 (Order of November 12, 2015).

[3] The PSR was not docketed. However, Judge Legg's file contained a copy of it. Contemporaneous with the filing of this Memorandum, I have docketed the PSR.

Judge Legg determined that Petitioner had a criminal history category of VI, with advisory sentencing guidelines of 272 to 319 months' incarceration. ECF 105. Judge Legg sentenced Petitioner to a term of 96 months' incarceration as to Count Two, and to the statutory mandatory minimum sentence for Count Three of 84 months' imprisonment, consecutive, for a total term of 180 months' imprisonment. ECF 104. That sentence was well below the advisory guidelines range. Nisseau-Bey did not note an appeal.

At the time of the underlying offenses in case 10-552, Nisseau-Bey was on supervised release in Case 02-497. Case 02-497 was reassigned to Judge Legg. At a hearing in that case on June 10, 2011 (ECF 20), Judge Legg found that the offenses at issue in case 10-552 constituted a violation of Nisseau-Bey's supervised release in case 02-497. With respect to the violation of supervised release in case 02-497, Judge Legg sentenced Nisseau-Bey to a period of incarceration of 51 months, concurrent with the sentence he imposed in case 10-552. ECF 21.

On June 23, 2016, Nisseau-Bey filed the Petition at issue here, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). It was docketed in case 02-497, at ECF 25. The government moved to dismiss the Petition, arguing, *inter alia*, that Petitioner was no longer in custody in 02-497. *Id.*, ECF 26. Thereafter, Petitioner filed a Motion to Amend. *Id.*, ECF 27. He asserted that "a clerical error was made" in regard to the filing of his Petition, in that it was filed in the wrong case, case 02-497, rather than in case 10-552. The government moved to dismiss the Motion to Amend the Petition, arguing it was barred by limitations. ECF 29.

In an Order of October 24, 2017 (ECF 32), the Court determined that the Petition was filed in the wrong case as a result of a clerical mistake. Therefore, I directed the Clerk to docket the Petition in Case 10-552. It was docketed on that date, at ECF 190. And, on that date, case 10-552 was reassigned to me.

In my view, the Petition should be deemed filed as of June 23, 2016, as that is the date when it was initially docketed in case 02-497, albeit incorrectly.[4]

I turn to the merits.

## II. Discussion

In the Petition, Nisseau-Bey argues that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), armed bank robbery is not a crime of violence. Moreover, he claims that "[n]o physical force was used" by him. ECF 25-1 at 3. Therefore, he contends that "the enhancement for the 924(c) should be vacated," and he should "be re-sentenced without the enhancement of the 924(c) offense." *Id.* Much of Petitioner's argument focuses on the "Residual Clause" under 18 U.S.C. § 924(c). ECF 190-1 at 1. In response, the government argues that Petitioner's contention "is completely unfounded." ECF 196 at 2.

At the outset, Nisseau-Bey was not subjected to a sentencing enhancement under 18 U.S.C. § 924(c). Rather, he was sentenced to the congressionally mandated minimum sentence of seven years (84 months), consecutive, for the use and brandishing of a firearm during and in relation to a crime of violence. The armed bank robbery was the crime of violence.

Petitioner also argues that his armed bank robbery conviction is not a crime of violence. He is mistaken.

The determination that bank robbery is a crime of violence does not turn on the Residual Clause under 18 U.S.C. § 924(c). In *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), the Fourth Circuit squarely decided that armed bank robbery constitutes a crime of violence under the Force Clause in 18 U.S.C. § 924(c)(3). The Court said, *id.* at 157 (emphasis added):

---

[4] The government's motions to dismiss are also docketed in case 10-552, at ECF 191 and 193. Petitioner's motion to amend is docketed at ECF 192. My Order of October 24, 2017, is docketed at ECF 195.

4

In sum, we are satisfied that bank robbery under 18 U.S.C. § 2113(a) is a "crime of violence" within the meaning of the force clause of 18 U.S.C. § 924(c)(3), because it "has as an element the use, attempted use, or threatened use of physical force"—specifically, the taking or attempted taking of property "by force and violence, or by intimidation." Because bank robbery is a lesser-included offense of § 2113(d) armed bank robbery, armed bank robbery is also a crime of violence under the force clause.

Moreover, in *McNeal*, 818 F.3d at 152, the Court observed that it "ruled decades ago that a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2, which is nearly identical to the § 924(c)(3) force clause." Therefore, Petitioner's underlying bank robbery offense is a crime of violence. *See also United States v. Speight*, 3:90CR112, 2017 WL 4544674, at *3 (E.D. Va. Oct. 11, 2017) ("Speight's convictions of armed bank robbery qualified as predicates for purposes of § 924(c)(1) under the force clause, not the residual clause. *Johnson*, therefore, does not provide Speight with the relief he seeks.")

Of relevance here, petitioner's codefendant, Jenerette Dixon, moved to file a successive petition under 28 U.S.C. § 2255, based on *Johnson*. He sought to challenge his underlying conviction as a crime of violence within the meaning of the Force Clause in 18 U.S.C. § 924(c)(3). The Fourth Circuit issued an Order on May 25, 2016 (ECF 184), denying the motion. Notably, the Court said, in part: "Even if the holding in Johnson is applicable to 18 U.S.C. § 924(c) (2012), Dixon's § 924(c) conviction is not affected by Johnson. *See* United States v. McNeal, [818 F.3d 141 (2016)] 2016 WL 1178823, at *8-*9 (4th Cir. Mar. 28, 2016) (holding that armed bank robbery, 18 U.S.C. § 2113(a), (d) (2012), is [a] crime of violence within § 924(c)'s force clause)."

For the reasons set forth above, there is no merit to the Petition.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's Order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). A certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted).

I am satisfied that Petitioner has not satisfied the standards set forth above. Therefore, a certificate of appealability shall not issue. A separate Order follows.

Date: April 20, 2018

/s/
Ellen L. Hollander
United States District Judge